IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BERTINA R. DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-038 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S OFFICE, et. al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.  SCREENING OF THE COMPLAINT

 A.  BACKGROUND

Plaintiff names over two dozen unrelated Defendants, including, for example, Augusta Mayor Hardie Davis, Georgia Senators Raphael Warnock and Jon Ossoff, various banking institutions and federal agencies, "some churches," "family members," and "Secret

Society(ies) all parties involvement in Bertina's assets." (Doc. no. 1, pp. 1-3.) Plaintiff claims her late father left her stocks and bonds, and an unknown officer forced her to sign over her inheritance to get out of jail. (Id. at 4-6.) Plaintiff repeats several times she is a descendant of a slave and her mother is Native American. (Id. at 3, 5.) For relief, Plaintiff writes "Bertina needs her billions back Georgia please and thanks." (Id. at 5.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Further, a claim is also frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Upon Which Relief May be Granted

Plaintiff's complaint fails to satisfy the pleading standard established by Twombly and Iqbal. Plaintiff's statement of claim is devoid of detail, cites no cases or statutes, and attributes no wrongdoing to any Defendant. See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). The complaint also appears fanciful and irrational: while Plaintiff does reference a

3

specific claim of a lost inheritance, any semblance of rationality is lost as Plaintiff lists unspecified and unusual parties as Defendants and asks for "billions" in relief without explanation.[1]  In sum, Plaintiff's complaint is frivolous and fails to state a claim for relief that is plausible on its face.  See Iqbal, 556 U.S. at 678; Denton, 504 U.S. at 32-33.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of April, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] On April 7, 2021, Plaintiff filed a "Supplement to the Complaint" in which she attempts to add additional Defendants including, for example, Kraft Foods and the "Wael Shammers o/o of Uhaul and all the gas stations even in the State of South Carolina." (Doc. no. 4.)  Plaintiff also elaborates on the lost inheritance claims and provides marriage, divorce, and death records for her former husband.  (Id.)  Plaintiff may not amend her complaint in a piecemeal manner, and even if the Court considered these additional allegations, her complaint would still be frivolous and fail to state a claim.  See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009) (plaintiffs may not piecemeal amend complaint by simply amending sections of complaint or submitting separate filings).